[Crim. No. 2814. First Dist., Div. Two. June 20, 1952.]

THE PEOPLE, Respondent, v. JOE CHARLES CROSSLAND, Appellant.

Raymond A. Ferrario for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Wallace G. Colthurst, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Defendant was tried to a jury on an information framed in two counts—assault by force likely to produce bodily injury (Pen. Code, § 245), and assault with a deadly weapon (Pen. Code, § 3024). He was convicted on both counts and appeals from the verdict and also from the ensuing judgment. ■ Since there is no right of appeal from a verdict that appeal is dismissed. *People v. Ormes*, 88 Cal.App.2d 353 [198 P.2d 690].

■ On the appeal from the judgment the sole issue is the sufficiency of the evidence. The People offered several witnesses who saw the affray. The defendant did not take the stand. He offered one witness whose testimony was of no material value. Hence the uncontradicted evidence is that a member of the state highway patrol, while on duty, and in full uniform, saw the defendant riding a motorcycle in the prohibited dividing strip between the two traffic lanes of a through highway and signaled him to get over in the proper lane. The defendant at first complied and then when the officer directed him to pull off the highway and stop, he again entered the dividing strip and sped down the highway at a speed in excess of 80 miles an hour. The officer followed him with his red light burning and his siren sounding. When defendant stopped in the driveway to his home the officer approached him and informed him that he had been speeding and that he would have to go "for a ride" with him. (Appellant's counsel argues that this meant nothing to the defendant but an invitation for a ride. The ordinary individual would understand it as a notice of arrest.) Following this statement the officer asked defendant for his driving license. Defendant told him he had none. The officer then took defendant by the wrist and told him to come with him. The defendant pulled loose, doubled his fists, and in the ensuing melee, severely beat the officer with the officer's club and pistol which the latter had drawn in self-defense. All the evidence shows without conflict that defendant's assaults upon the officer were wholly unjustified and that they were made in resistance of an attempt to make a lawful arrest.

At the time the arrest was attempted defendant had committed three violations of the law—driving in a prohibited zone of the highway, driving at an illegal rate of speed, and driving without an operator's license. The appeal is wholly without merit.

Judgment affirmed. Appeal from the verdict dismissed.

Goodell, J., and Dooling, J., concurred.